Melvin **LEWIS**, Petitioner,

v.

David **SMITH**, Warden, Respondent.

No. 02–2144.

United States Court of Appeals, Sixth Circuit.

April 15, 2004.

---

**352**

James Sterling Lawrence, Detroit, MI, for Petitioner–Appellant.

Janet A. Van Cleve, Brenda E. Turner, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before MARTIN, CLAY and CUDAHY,* Circuit Judges.

CLAY, Circuit Judge.

Petitioner Melvin Lewis filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he appeals his state court conviction of first degree criminal sexual conduct, assault with intent to commit criminal sexual penetration, and felony firearm possession. He claims that his constitutional right to a fair trial was violated because (1) police threatened a witness into testifying against him and (2) his appellate counsel was ineffective. For the reasons set forth below, we AFFIRM the district court's denial of Petitioner's petition for writ of habeas corpus.

## BACKGROUND

### Procedural History

After a bench trial in Michigan state court, Petitioner Melvin Lewis was convicted of first degree criminal sexual assault, in violation of Mich. Comp. Laws § 750.520(1)(e); assault with intent to commit sexual penetration, in violation of Mich. Comp. Laws § 750.520g; and felony firearm possession, in violation of Mich. Comp. Laws § 750.227b. Pursuant to Mich. Comp. Laws § 769.10, the sentencing court determined that Petitioner was a habitual offender under Michigan law and sentenced him to two concurrent terms of ten to twenty-five years for the assault and criminal sexual misconduct convictions, and two years consecutive for the firearm conviction. Petitioner appealed as of right to the Michigan Court of Appeals, which affirmed his sentence on October 7, 1997. The Michigan Supreme Court denied Petitioner leave to appeal on August 28, 1998. In October of 1998, arguing newly-discovered evidence of police intimidation and ineffective assistance of counsel, Petitioner unsuccessfully filed a motion for relief from judgment pursuant to M.C.R. 6.500 with the state trial court. The Michigan Court of Appeals denied leave to appeal on

---

* Honorable Richard D. Cudahy, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

October 6, 1999 and the Michigan Supreme Court denied leave to appeal on April 25, 2000. Both state appellate courts denied Petitioner leave to appeal for "failure to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)."

On February 7, 2001, Petitioner filed a *pro se* petition for writ of habeas corpus in the Eastern District of Michigan pursuant to 28 U.S.C. § 2254. In a written order, the district court denied Petitioner's petition for writ of habeas corpus with prejudice because it reasoned Petitioner failed to establish his claims on the merits, procedurally defaulted his claims in state court, and failed to demonstrate cause for default and actual prejudice from the alleged errors. Nevertheless, the district court granted Petitioner a certificate of appealability on the issues on appeal with this Court. Petitioner then filed a timely appeal.[1]

### Facts

Angelia Johnson ("Complainant") testified that on March 6, 1995 at around 3:45 a.m. she exited her apartment in Detroit en route to work at Sterling Heights by 5:00 a.m. As she neared her boyfriend's car, she was approached by her neighbor Clarence Terrell, who asked her if she would give "Rome" a drive home. (J.A. at 129). Complainant recognized "Rome," the Petitioner, as someone whom she had known since high school; Petitioner had his infant son with him. Complainant agreed to take Petitioner home, which was "no more than a 15 minute ride." (J.A. at 139). When Complainant arrived in the parking lot of Petitioner's apartment complex, Petitioner pulled a gun and ordered her to unzip his pants and perform fellatio. Complainant testified she performed the requested act on Petitioner "[b]ecause he had a gun," which he used to threaten her. (J.A. at 142).

Petitioner then ordered Complainant out of the car, so that he could have some "real sex" with her. (J.A. at 142). Petitioner left his infant son in the car unattended. After they exited the car, Petitioner gripped Complainant's hand, but Complainant managed to free herself and run toward two men who were approaching their vehicle in the parking lot; Petitioner apparently ran in a different direction than Complainant. Complainant asked the two men to take her home, which they did. Petitioner denied assaulting Complainant, and observed that Petitioner did not inform police–when she summoned them after the incident–that she was forced to perform fellatio. At trial, Complainant denied ever having a romantic relationship with Petitioner. A search warrant was executed on Petitioner's home and a blue steel revolver was recovered–not a stainless steel weapon as described by Complainant. After the prosecution rested, Petitioner unsuccessfully made a motion for a directed verdict. Subsequently, Petitioner was found guilty on all counts and sentenced to consecutive and concurrent terms of imprisonment.

In determining Petitioner's guilt, the state trial court reviewed all the evidence and found Complainant's version of events more credible than Petitioner's denial of the same. The court recounted its reasons for finding Petitioner guilty of the alleged charges, concluding that the "prosecutor has proven all elements of each offense beyond a reasonable doubt." (J.A. at 189). After exhausting his state court appeals, Petitioner then unsuccessfully sought a writ of habeas corpus in federal court. As

---

1. In a Rule 34 disposition, this Court denied Petitioner's application for certificate of appealability on issues not certified by the district court. *See Lewis v. Smith,* Case No. 02–2144 (Jan. 22, 2003) (pursuant to 6th Cir. R. 34).

recounted above, the district court denied the writ on the merits, noting that the state court had not unreasonably applied federal law pursuant to 28 U.S.C. § 2254. Thereafter, the district court granted a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1) on the issues of whether police intimidated a testifying witness and whether Petitioner experienced ineffective assistance of appellate counsel.

## DISCUSSION

### I.

Petitioner's first issue concerns whether his girlfriend, Betty Stewart, was intimidated by the state to testify against Petitioner or else risk losing her children for child endangerment after Petitioner had left a child in Complainant's car.

### Standard of Review

The question whether a testifying witness in a criminal trial was intimidated concerns a defendant's due process right to a fair trial. This Court reviews the alleged violation of a criminal defendant's due process right under a *de novo* standard. *See Ly v. Hansen,* 351 F.3d 263, 266 (6th Cir.2003); *Miller v. Francis,* 269 F.3d 609, 613 (6th Cir.2001). Because the petition here was filed after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d), that statute controls the disposition here. Under AEDPA, an application for a writ of habeas corpus on behalf of a person incarcerated under state law cannot be granted with respect to any claim that was adjudicated on the merits in state court unless that adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determi-

nation of the facts in light of evidence presented in the state court proceeding." *Id.; see also Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Under § 2254, a federal court must find a violation of law "clearly established" by a holding, and not dicta, of the United States Supreme Court at the time of the relevant state court decision. *Williams,* 529 U.S. at 413, 120 S.Ct. 1495. A state court decision will be an "unreasonable application" of "clearly established" federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of a prisoner's case." *Id.*

### Analysis

██ Petitioner's first argument is that his due process right to a fair trial was violated because police officers intimidated his girlfriend, Betty Stewart, to change her story about what happened on the early morning of March 6, 1995. Petitioner alleges that police threatened to take away Betty Stewart's children unless she testified favorably for the state. The evidence that Petitioner sought to be admitted to prove his claim of witness taint was an undated affidavit of Betty Stewart indicating she knew Petitioner was involved in a relationship with the Complainant and that on the morning in question Petitioner implored Stewart to tell the Complainant that Petitioner was in an exclusive relationship with Stewart. Petitioner intended to offer the affidavit as proof that the Complainant was involved in a romantic relationship with him in the past. The state court that heard Petitioner's argument to have this evidence admitted declined to entertain it, reasoning that the Confrontation Clause was not violated by

limiting the questioning of a witness on the grounds that the evidence is hearsay. *See Takacs v. Engle,* 768 F.2d 122, 125 (6th Cir.1985).

We held in *United States v. Foster,* 128 F.3d 949 (6th Cir.1997) that the federal government's intimidation of a testifying witness violates a criminal defendant's due process right to a fair trial. *Id.* at 956; *accord United States v. Thomas,* 488 F.2d 334, 336 (6th Cir.1973) (reasoning that the government violated defendant's rights by prejudicially intimidating a defense witness concerning the consequences of committing perjury). Petitioner chose to offer Stewart's affidavit as proof that Stewart's trial testimony was somehow altered by the alleged threat made by police of causing her to lose her children. Petitioner's attempted proffer of Stewart's affidavit, then, was intended to serve as exculpatory proof that Stewart recanted her trial testimony two years after the trial.

In *United States v. Willis,* 257 F.3d 636 (6th Cir.2001), we observed in dicta our suspicion of exculpatory affidavits submitted by someone closely aligned with a defendant. *See id.* at 647. In this case, the district court declined to entertain the Stewart affidavit because it reasoned that under *Willis,* Petitioner's proffer of the affidavit two years after Stewart testified at trial was suspicious. The district court had already found Stewart's trial testimony credible. Petitioner argues that Stewart's failure to come forth with the affidavit until two years after trial is "cause" for not having raised the issue in the original state court trial. However, Petitioner does not persuasively identify whether the district court unreasonably applied federal law as announced by the United States Supreme Court; nor does he demonstrate that the state court unreasonably determined the facts of the case in light of the evidence presented at trial. For these reasons, we believe the district court properly denied Petitioner's petition for writ of habeas corpus as to this claim.

## II.

Petitioner's second argument concerns his claim of ineffective assistance of state appellate counsel.

### Standard of Review

This court reviews the question whether a habeas petitioner experienced ineffective assistance of counsel under a mixed standard of law and fact. *See Hudson v. Jones,* 351 F.3d 212, 215 (6th Cir.2003); *Magana v. Hofbauer,* 263 F.3d 542, 546 (6th Cir.2001). Issues of law are reviewed *de novo,* while issues of fact are reviewed for clear error. *See Hudson,* 351 F.3d at 215.

### Analysis

Petitioner asserts that his state appellate counsel was constitutionally ineffective because counsel raised two frivolous arguments on state direct appeal: (1) that there was insufficient evidence to support Petitioner's conviction and (2) that Michigan law was violated when Petitioner was sentenced as a habitual offender without a trial. The law is well settled that to prove ineffective assistance of counsel a habeas petitioner must show that his or her counsel's performance was constitutionally deficient and that deficiency prejudiced the petitioner. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish constitutional deficiency, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 687–88, 104 S.Ct. 2052. As to the prejudice prong, Petitioner must show that there was a "reasonable probability that but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. The Sixth Amendment right to counsel also applies to counsel on appeal. *Evitts v. Lucey,* 469 U.S. 387, 402, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

The district court in this case granted Petitioner a certificate of appealability on the issue of whether his state appellate counsel was ineffective on the basis that reasonable jurors could disagree as to whether Petitioner presented a valid constitutional claim. *See Slack v. McDaniel,* 529 U.S. 473, 484–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Petitioner argues that it "is reasonably probable" that he would have received a reversal on his appeal as of right were it not for the errors of his state appellate counsel in arguing insufficiency of the evidence and making reference to an outdated habitual offender statute.[2] However, these dual errors that Petitioner assigns to his state court appellate counsel were not fairly raised on direct state appeal because Petitioner failed to establish his entitlement to relief under state procedural law, thereby forfeiting these claims. *See Gonzales v. Elo,* 233 F.3d 348, 350 (6th Cir.2000); *see also United States v. $100,375.00 in U.S. Currency,* 70 F.3d 438, 440 (6th Cir.1995) ("an ineffective assistance of counsel claim may not be raised on appeal for the first time when there is no proof of ineffective assistance of counsel on the record"). Of course, a state prisoner who fails to comply with state procedural rules and suffers no actual prejudice from any alleged constitutional violation is not entitled to habeas relief. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Even if we reasoned that Petitioner's ineffective assistance of counsel claims were procedurally defaulted and must therefore satisfy the "cause and prejudice" analysis, Petitioner has briefed no argument on this point and we need not create arguments on Petitioner's behalf. *See Elzy v. United States,* 205 F.3d 882, 885–86 (6th Cir.2000).

In any event, we believe that Petitioner fails to satisfy the *Strickland* standard for proving ineffective assistance of counsel. Petitioner cites *Mapes v. Coyle,* 171 F.3d 408 (6th Cir.1999), and *Mason v. Hanks,* 97 F.3d 887 (7th Cir.1996), for the proposition that a court may find ineffective assistance of counsel based on the issues selected (or not selected) by counsel on appeal. In *Mapes,* this Court determined that the petitioner's state appellate counsel's performance was objectively unreasonable under the first prong of *Strickland* because that counsel failed to raise issues on direct state court appeal that were omitted at trial and should have been raised in the state court appeal. *Id.* at 429. This Court also reasoned that the petitioner suffered prejudice considering that "all four errors concern the sentencing phase." *Id.* In *Mason,* the Seventh Circuit reached a similar conclusion, reasoning that the petitioner's state appellate counsel was "ineffective for failing to argue that the admission of testimony concerning the informant's statements was inadmissible hearsay." *Mason,* 97 F.3d at 902.

Applying these principles, we think that Petitioner's state appellate counsel's performance was deficient and therefore the first prong of *Strickland* was satisfied. Petitioner's state appellate counsel made two arguments on Petitioner's behalf. Standing alone, counsel's argument that there was not enough evidence to convict Petitioner is weak, but considered in tan-

---

**2.** The defunct statute that Petitioner's counsel referred to was Mich. Comp. Laws § 760.13 (1994), which was repealed more than a year before the conduct giving rise to this appeal occurred.

357

dem with the argument that Petitioner was wrongly convicted as a habitual offender under a statute counsel should have known was defunct makes counsel's argument objectively unreasonable under prevailing standards of professional norms. *See Mapes,* 171 F.3d at 429; *Mason,* 97 F.3d at 902. Nevertheless, unlike in *Mapes* and *Mason,* Petitioner's counsel's deficient performance did not amount to prejudice to Petitioner because there was not a reasonable probability that but for counsel's deficient performance Petitioner's conviction would not have been affirmed. *See Powell v. Collins,* 332 F.3d 376, 398 (6th Cir.2003). The strongest argument Petitioner raises that he was denied due process was his argument that his girlfriend's hearsay affidavit should have been considered in granting him a new trial two years after he had been convicted. Although the arguments Petitioner's counsel made on direct appeal in state court were arguably frivolous, those arguments would not have resulted in a different outcome since there was sufficient evidence for the judge to find Petitioner guilty of the charges alleged and Petitioner was a habitual offender under current state law. *See id.* Petitioner has failed to demonstrate that he suffered ineffective assistance of counsel in state court appellate proceedings under *Strickland* and section 2254 of AEDPA.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Petitioner's petition for writ of habeas corpus.