RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 05a0178p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

SEDLEY ALLEY,

　　　　　　　　　　*Petitioner-Appellee,*

　　　*v.*

RICKY BELL, Warden,

　　　　　　　　　　*Respondent-Appellant.*

No. 04-5596

Filed: April 11, 2005[*]

Before: BOGGS, Chief Judge; MARTIN, RYAN, BATCHELDER, DAUGHTREY, MOORE, COLE, CLAY, GILMAN, ROGERS, SUTTON, and COOK, Circuit Judges.[**]

---

**ORDER**

---

On November 2, 2003, the district court issued an order staying Alley's execution and holding in abeyance any proceedings on his purported Rule 60(b) motion until this court decided *In Re Abdur'Rahman*. This ruling was appealed to our court, and oral argument was held on June 16, 2004. On December 13, 2004, this court issued its opinion in *Abdur'Rahman*, 392 F.3d 174 (6th Cir. 2004) (en banc), but the district court was unable to consider *Abdur'Rahman*'s impact on the particular circumstances of Alley's filing because Alley's case was before this court on appeal.

On December 14, 2004, this court issued an opinion on that appeal, vacating the stay of execution and determining that Alley's filing could not be considered a proper Rule 60(b) motion under *Abdur'Rahman*. *Alley v. Bell*, 392 F.3d 822 (6th Cir. 2004). Alley sought rehearing en banc.

We now grant rehearing en banc, and remand the case to the district court to determine, in the first instance, whether Alley's motion can be considered a proper Rule 60(b) motion under this court's opinion in *Abdur'Rahman*.

---

[*] This order was originally issued as an "unpublished order" filed on April 11, 2005. The court has now designated the order as one recommended for full-text publication.

[**] Judge Gibbons recused herself from participation in this matter.

1

R. GUY COLE, JR., Circuit Judge, concurring, in which MARTIN, DAUGHTREY, MOORE, and CLAY, JJ. joined. I concur in the Court's decision vacating the panel opinion and remanding this case to the district court, but note that I would find that Alley's petition is properly considered a Rule 60(b) motion under this Court's precedent in *In re Abu Ali Abdur'Rahman*, 392 F.3d 174 (6th Cir. 2004) (*en banc*). Of course, to fall within Rule 60(b)'s timing exception, Alley must allege actual fraud, rather than mere misrepresentation, as one section of Alley's brief argues. *See* Fed. R. Civ. P. 60(b). However, Alley alleges that state attorneys were aware of the existence of significant exculpatory evidence, and that these attorneys nonetheless filed an affidavit in federal court stating that they had disclosed all exculpatory evidence, while willfully (or at least recklessly) concealing the evidence. These allegations are sufficient to allege fraud. *See Demjanjuk v. Petrovsky*, 10 F.3d 338, 348, 352-54 (6th Cir. 1993).

Moreover, Alley's allegation regarding the affidavit, whether true or not, has nothing to do with his state court proceedings and, indeed, would not be relevant to a trial-court-related *Brady* claim. State attorneys certainly could have willfully or recklessly withheld evidence from the federal habeas court without having willfully or recklessly done so at Alley's state trial — in fact none of the attorneys about whose actions Alley complains appeared for the State at Alley's trial. As a result, the resolution of Alley's Rule 60(b) motion would be irrelevant to the constitutionality of his state trial, since success on this motion would merely serve to reopen his original habeas proceeding without determining facts that would require a finding that his state trial was unconstitutional. Thus, this claim is not effectively a second or successive petition challenging the validity of his state trial — to the contrary, Alley's allegations of fraud relate *only* to the validity of the federal habeas proceeding. *See Abdur'Rahman*, 392 F.3d at 181. Accordingly, under our precedent in *Abdur'Rahman*, Alley's motion is properly viewed as a Rule 60(b) motion unaffected by AEDPA, and the district court has jurisdiction to consider it.

Perhaps Alley's allegations of fraud are true, and perhaps they are not — obviously it will be up to the district court to consider the Rule 60(b) motion and determine if fraud actually occurred. I thus concur in this Court's decision to remand this matter to the district court.

ENTERED BY ORDER OF THE COURT


/s/ Leonard Green

_____

Clerk
