*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0410p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re ABU-ALI ABDUR'RAHMAN,

*Movant.*

ABU-ALI ABDUR'RAHMAN,

*Petitioner-Appellant,*

*v.*

RICKY BELL, Warden,

*Respondent-Appellee.*

Nos. 02-6547/6548

Filed: October 7, 2005

Before: BOGGS, Chief Judge; MARTIN, SILER, BATCHELDER, DAUGHTREY, MOORE, COLE, CLAY, GILMAN, GIBBONS, ROGERS, SUTTON, COOK, McKEAGUE, and GRIFFIN, Circuit Judges.

## ORDER

On August 1, 2005, the United States Supreme Court vacated our prior judgment in this case, *In re Abdur'Rahman*, 392 F.3d 174, 187 (6th Cir. 2004), and remanded the case for further consideration in light of *Gonzalez v. Crosby*, 545 U.S. __, 125 S.Ct. 2641 (2005). *Bell v. Abdur'Rahman*, __U.S.__, 125 S.Ct. 2991 (2005). The case is hereby returned to the panel to which it was originally submitted for consideration as directed by the Supreme Court.

It is so ORDERED.

1

---

**DISSENT**

---

BOYCE F. MARTIN, JR., Circuit Judge, with whom Judges Daughtrey, Moore, Cole and Clay join dissenting. On June 28, 2005, this Court's opinion in *In re Abdur' Rahman v. Bell*, 392 F.3d 174 (6th Cir. 2004), was vacated by the Supreme Court and remanded for further consideration in light of *Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005). *Bell v. Abdur' Rahman*, 125 S.Ct. 2991 (2005). In the order today, a majority of this Court remands this case to the original panel instead of remanding the case back to the district court. We respectfully dissent from this decision.

In *Alley v. Bell*, we unanimously held that the appropriate procedure for a case to consider a new Rule 60(b) standard was to remand that case to the district court in order to determine whether the case can be considered a proper Rule 60(b) motion. 405 F.3d 371 (6th Cir. 2005). In the present case, the Court is asked to address the same situation, but comes to an opposite conclusion. Instead of returning the case to the district court, as is this Court's generally accepted practice for any remand from the Supreme Court, the majority instead has chosen to bypass the creation of a new factual record and proceed straight to the appeal process.

Additionally, this case should be remanded to the district court for the purpose of insuring the record has the necessary evidence to follow the mandate of the Supreme Court and permit review in light of *Gonzalez*. If, as it now stands, the original three-judge panel should hold that the petitioner's motion is properly viewed as a Rule 60(b) motion under *Gonzalez v. Crosby*, the district court would remain in the best position to evaluate the equitable considerations peculiar to the petitioner, 125 S.Ct. at 2651, 2653, and the case would still have to be returned to the district court. Even if it turns out that the petitioner's motion is not properly viewed as a Rule 60(b) motion under *Gonzalez v. Crosby*, the panel is in no better position to make that decision than the district court.

Although not a point of dissent with the majority's order, we must also raise a procedural question with the composition of our *en banc* court in light of our two newest members. This case was originally heard by an *en banc* panel on December 3, 2003. Since that date, we have welcomed two new members to the Court, Judges McKeague and Griffin. These two new members were a part of the *en banc* Court which voted on this order. It seems counter-intuitive that a case that has already come before this Court as an *en banc* proceeding should have the composition of that court altered during the appeals process because of these additions while the case was under consideration by the Supreme Court. At this point, our statutes and rules of procedure leave this question unanswered and, after this order, it remains so.

For the above reasons, we respectfully dissent from the order remanding this case to the panel.

ENTERED BY ORDER OF THE COURT


                                    /s/ Leonard Green
                                         Clerk