**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name:  06a0331n.06**
**Filed:  May 9, 2006**

**Nos. 05-6876, 06-5552**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SEDLEY ALLEY, | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Petitioner-Appellant*, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Western |
| RICKY BELL (No. 05-6876), | ) | District of Tennessee |
| | ) | |
| *Respondent-Appellee*, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WILLIAM R. KEY (No. 06-5552), | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

**Before:**    **BOGGS, Chief Judge; RYAN and BATCHELDER, Circuit Judges**.

**BOGGS, Chief Judge.**  Sedley Alley was convicted in 1987 by a Shelby County, Tennessee jury of kidnaping, rape, and first-degree murder.  He is on death row.  His habeas petition was denied by the district court, and that decision was affirmed by this panel.  *Alley v. Bell*, 101 F. Supp. 2d 588 (W.D. Tenn. Jan. 18, 2000), *aff'd,* 307 F.3d 380 (6th Cir. 2002), *cert. denied,* 540 U.S. 839 (2003).

No. 05-6876
Sedley Alley v. Ricky Bell

In October 2003, Alley sought relief from the district court's denial of habeas through a filing that he styled a motion made pursuant to Fed. R. Civ. P. 60(b). The district court stayed Alley's execution pending the relevant outcome of *In re Abdur'Rahman*, 392 F.3d 174 (6th Cir. 2004) (en banc). Following the decision in that case, this panel vacated the stay entered by the district court. *Alley v. Bell*, 392 F.3d 822 (6th Cir. 2004). The en banc court unanimously vacated and remanded so that the district court might make a determination as to whether Alley's motion was a proper Rule 60(b) motion under *Abdur'Rahman* or instead a second or successive habeas petition. *Alley v. Bell*, 405 F.3d 371 (6th Cir. 2005) (en banc).

On November 28, 2005, the district court issued a 22-page denial of Alley's Rule 60(b) motion, ruling that his filing was properly construed not as a Rule 60(b) but rather as a second or successive habeas petition.

We now consider Alley's appeal from the district court's denial of his putative Rule 60(b) motion. This matter has come before us as 05-6876. While acknowledging the diligent and steadfast efforts of Alley's counsel in the prosecution of his client's case, we **AFFIRM** the decision of the court below that Alley's filing is equivalent to a second or successive habeas petition, and not a Rule 60(b). We further affirm the denial of that motion. Because we have ruled on the substance of this appeal, we also **DENY** Alley's motion for a stay of execution pending our consideration of the matter.

With respect to Alley's efforts, in a matter numbered 06-5552, to access and preserve certain physical evidence, we hereby **DENY** his "Motion to Preserve All Evidence Pending Final

- 2 -

No. 05-6876
Sedley Alley v. Ricky Bell

Resolution of Appeal," and we **GRANT** his motion for expedited briefing in the appeal from the

district court's dismissal of his action for injunctive relief under 42 U.S.C. § 1983.

# I

In ruling on Alley's appeal from the district court's decision with respect to his putative Rule

60(b) motion, we take note of the care with which Judge Bernice B. Donald considered the content

of Alley's filing. When it first considered Paragraph 35 of Alley's habeas petition (related to

suppression of alleged exculpatory evidence, including *ex parte* contact by the trial judge with the

jury and victim's family) in 2000, the district court found it procedurally defaulted on the grounds

that it had never been raised in the state courts. *Alley v. Bell*, 101 F. Supp. 2d at 619; *see also Alley*

*v. Bell*, no. 97-3159, R. 60 at 43, ¶ 35. Alley's Rule 60(b) claim with respect to ¶ 35 sought to show

that fraud, misconduct, or misrepresentation by the state had led the district court to reach an

improper conclusion with respect to that portion of his habeas petition. The district court correctly

found that this portion of the Rule 60(b) motion was rooted in allegations of withheld evidence–a

report by the Shelby County Sheriff's Department and handwritten notes by Assistant Medical

Examiner Dr. Bell–that were unrelated to the evidence that formed the basis of the original ¶ 35

habeas claim. The court concluded:

> As such, [Alley] is not attacking [as would be appropriate through a 60(b) motion]
> the integrity of the Court's previous judgment denying habeas relief as to ¶ 35, and
> the newly proffered evidence may not be considered by this Court in a motion for
> relief from judgment. *See Gonzalez v. Crosby*, 545 U.S. at__, 125 S. Ct. 2641, 2646-
> 47 (2005). Because the Court finds this claim to be a prohibited attempt at re-

- 3 -

> litigating the constitutionality of his conviction and sentence, the Court is required to treat this portion of Petitioner's motion for relief as the fundamental equivalent of a second or successive habeas application thus obviating the need to consider Petitioner's claim under either prong of the 'savings clause' [of 60(b)].

*Alley v. Bell*, 97-3159-D/V, Nov. 28, 2005, Order Denying Motion for Relief from Judgement, 12-13.

The district court reached similar conclusions with respect to the other claims contained in Alley's putative Rule 60(b) motion. Paragraph 28 of Alley's habeas petition claimed that the trial court's exclusion of certain evidence during the sentencing phase–videotapes of the defendant under hypnosis, purportedly supportive of his claim of schizophrenia–denied his fundamental right to present mitigating evidence. When it first considered the claim, the district court found that the evidence was inadmissible. 101 F. Supp. 2d at 640. Alley revived the claim on the basis of the Tennessee Supreme Court's intervening decision, *State v. Carter*, 114 S.W.3d 895 (Tenn. 2003). However, as Alley has acknowledged, a habeas petitioner is not permitted to use a Rule 60(b) motion to apply a "purported change in the substantive law governing the claim." *Gonzalez*, 125 S. Ct. at 2647-48. The district court also noted that this portion of Alley's motion sought to "reassert a claim already denied on the merits," and that, under the terms of *Gonzalez*, it is therefore "in form and effect a prohibited second or successive habeas application." 97-3159-D/V, Order, 20.

Paragraph 29 of the habeas petition had urged that Tennessee's sentencing aggravating factor punishing "heinous, atrocious, and cruel" conduct was unconstitutionally vague. The district court held that the Tennessee Supreme Court had applied a valid and curing narrowing construction to the interpretation of that aggravating factor. 101 F. Supp. 2d at 643. The district court also denied

Alley a Certificate of Appealability on this claim. In his Rule 60(b) motion, Alley sought relief from the denial of the COA. In its order of November 28, 2005, the district court cited Payne v. Bell, 418 F.3d 644, 657-58 (6th Cir. 2005), noting that the Sixth Circuit has already considered the identical legal question and concluded that the Tennessee Supreme Court has applied a valid narrowing construction to the "heinous, atrocious, and cruel" factor, establishing that "reasonable jurists would [not] find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The district court then ruled that the petition for relief from its denial of the COA was without merit. We reach the same conclusion by a different road. First, we note that our court also denied the COA on this claim. Case No. 99-6659, Sixth Circuit Order, May 23rd, 2001 (granting COA only on issues 1, 2, 3, 6, and 9). Second, we note that, where a motion seeks to reopen a habeas appeal, it may be regarded as a successive habeas petition. *Calderon v. Thompson*, 523 U.S. 538, 553 (1998). Third, we find that where both the district court and this court have denied a COA on a particular claim, nothing in *Abdur'Rahman* permits the habeas petitioner to appeal further that denial through the use of a Rule 60(b) motion. Therefore, though the district court did, following examination of the merits of this claim, "deny" rather than "dismiss" this portion of his motion, we conclude explicitly that this claim was also equivalent to a second or successive habeas petition and not properly pursued in the format of a Rule 60(b).

We also affirm the district court's rejection of Alley's claim that Congress's "Act for the Relief of the Parents of Theresa Marie Schiavo," Pub. L. No 109-3, 119 Stat. 15, has relevance for his case and entitles him to relief for all claims denied on the basis of procedural default or the standard of review set forth in 28 U.S.C. §2254(d). It has none and entitles him to none. The district

court correctly concluded that the events and legislation arising from the Terri Schiavo matter do not create a set of "extraordinary circumstances" permitting the reopening of final judgment under Rule 60(b). *Gonzalez*, 125 S. Ct. at 2649. The Act gave jurisdiction to the United States District Court for the Middle District of Florida to consider claims relating to Terri Schiavo's physical condition. It also conferred standing on Ms. Schiavo's parents to bring such claims. Regardless of how Alley's claim here is characterized–as a proper Rule 60(b) motion or as a second or successive habeas petition–the plain language of the Act compels us to conclude that the legislation does not and can not have any relevance to this case.

Concluding that Alley's motion is properly construed as a second or successive habeas petition, we are compelled to affirm the district court's denial and dismissal of his purported Rule 60(b) motion. We do not here examine the merits of the underlying claims beyond the degree necessary to assess whether the motion is properly made as a Rule 60(b), as Alley steadfastly denies any desire to have it considered as a second or successive petition.

Alley's filings raise the possibility of some procedural conundrums. In treating this appeal from the denial of a Rule 60(b) motion on its own terms, rather than as a second or successive habeas petition that a district court found it to be (and the petitioner disclaims it to be), we acknowledge the possibility that this could be considered as authorizing an end-run around the requirements of AEDPA, 28 U.S.C. § 2244(b)(3)(E), which mandates that a denial of "authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."

In the circumstances of this case, we find it unnecessary to resolve this difficulty, and express no opinion on it. However, for purposes of completeness, we do note that we are permitted to grant an applicant permission to file a second or successive habeas corpus petition under § 2244(b)(2) only where:

1)      the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

2)      the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

3)      the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Alley's motion does not satisfy these requirements.

**II**

We further consider Alley's efforts, in the matter numbered 06-5552, to access and preserve certain physical evidence relating to his case now in the custody of Tennessee.

On April 5, 2006, Alley filed an action in the district court pursuant to 42 U.S.C. § 1983 seeking injunctive relief in the form of access to this evidence for the purpose of DNA testing. On

April 20, the district court dismissed this complaint for failure to state a claim upon which relief may be granted. On April 21, Alley filed a "Motion to Preserve All Evidence Pending Final Resolution of Appeal" in the district court. Also on that date, he filed a notice of appeal from the district court's denial of his § 1983 filing. On April 27, Alley filed a similar motion in our court, styled a "Motion to Preserve All Evidence Pending Final Resolution of Appeal." This motion seeks an order that all physical evidence now in the custody of the state court "shall be fully preserved, and not opened, examined, touched, tainted, damaged, harmed, or removed in any way by any person or source whatsoever, pending the final disposition of this matter . . . ." (Motion, April 27, 2006, 2) On April 28, the district court filed an order denying Alley's district court's motion to preserve evidence.

We grant Alley's motion for an expedited briefing schedule in the appeal from the district court's dismissal of his § 1983 complaint. However, seeing little threat to the preservation of the evidence under the status quo, and given the substance of the other rulings contained in this opinion, we deny the motion to preserve evidence.

## IV

For the forgeoing reasons, in 05-6876, we **AFFIRM** the ruling of the court below, and we **DENY** Alley's motion for a stay of execution pending the outcome of the appeal of that decision. In 06-5552, we **DENY** the "Motion to Preserve All Evidence Pending Final Resolution of Appeal," and we **GRANT** the motion for expedited briefing in the appeal from the district court's dismissal of Alley's action for injunctive relief under 42 U.S.C. § 1983.