RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 07a0264p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

In re: ABU-ALI ABDUR'RAHMAN,

        *Petitioner-Appellant,*

   *v.*

RICKY BELL, Warden,

        *Respondent-Appellee.*

Nos. 02-6547/6548

>

---

On Remand from the United States Supreme Court.
No. 96-00380—Todd J. Campbell, Chief District Judge.

Submitted: March 17, 2006

Decided and Filed: July 13, 2007

Before: SILER, BATCHELDER, and COLE, Circuit Judges.

---

## COUNSEL

**ON BRIEF:** Bradley A. MacLean, STITES & HARBISON, Nashville, Tennessee, William P. Redick, Jr., Nashville, Tennessee, for Petitioner. Joseph F. Whalen III, OFFICE OF THE ATTORNEY GENERAL, Nashville, Tennessee, for Respondent.

       SILER, J., delivered the opinion of the court, in which BATCHELDER, J., joined. COLE, J. (pp. 4-5), delivered a separate dissenting opinion.

---

## OPINION

---

       SILER, Circuit Judge. In 2004, our *en banc* court concluded that Abu-Ali Abdur'Rahman's post-judgment motion should be treated as a Fed. R. Civ. P. 60(b) motion rather than a second or successive habeas petition. *In re Abdur'Rahman*, 392 F.3d 174, 182 (6th Cir. 2004), *vacated*, *Bell v. Abdur'Rahman*, 545 U.S. 1151 (2005). In 2005, the Supreme Court granted certiorari in this case, vacated our previous judgment, and remanded for our consideration in light of *Gonzalez v. Crosby*, 545 U.S. 524 (2005). *Bell*, 545 U.S. 1151. Based on *Gonzalez*, Abdur'Rahman's motion should be treated as a motion pursuant to Rule 60(b), not a second or successive habeas petition. However, we dismiss his motion as untimely.

       *Gonzalez* clarified the interplay between 28 U.S.C. § 2254 and Rule 60(b). The Court noted that a purported Rule 60(b) motion which neither seeks to add a new ground for relief, nor attacks

a federal court's previous resolution of a claim on the merits,[1] but instead attacks some defect in the integrity of the federal proceedings, should be construed as a Rule 60(b) motion. Thus, a habeas petitioner's post-judgment pleading is properly characterized as a Rule 60(b) motion if "it does not assert, or reassert, claims of error in the movant's state conviction. A motion that . . . challenges only the District Court's failure to reach the merits does not warrant such treatment . . . ." *Gonzalez*, 545 U.S. at 538.

Based on this holding, we consider Abdur'Rahman's post-judgment pleading as a Rule 60(b) motion.[2] This motion, which requested the district court to vacate its judgment denying his habeas petition since, under Tennessee Supreme Court Rule 39 ("TSCR 39"), he was never required to appeal his prosecutorial misconduct claims to the Tennessee Supreme Court for exhaustion purposes, neither seeks a new ground for relief nor attacks the resolution of his claim on the merits. Instead, the motion seeks a remedy for an alleged "defect in the integrity of the federal habeas proceeding." *Gonzalez*, 545 U.S. at 532. Thus, it is a proper Rule 60(b) motion.

We must next determine whether Abdur'Rahman is entitled to relief under Rule 60(b). He is not. Abdur'Rahman asserts that his motion is one under Rule 60(b)(6). However, that Rule, which allows post-judgment relief for "any other reason justifying relief from the operation of judgment," is interpreted narrowly, permitting relief only in "extraordinary circumstances." *Liljeberg v. Health Svcs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988). We need not consider whether he presents "extraordinary circumstances" since his motion is more properly characterized as one under Rule 60(b)(1) rather than Rule 60(b)(6).[3] Under Rule 60(b)(1), a district court may grant relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Here, the district court denied Abdur'Rahman's habeas petition based on its belief that Tennessee law required him to raise his prosecutorial misconduct claims in order to adequately exhaust his state court remedies. The Tennessee Supreme Court's subsequent promulgation of TSCR 39, however, rendered that conclusion erroneous.

Since TSCR 39 only *clarified* the law, and did not *change* the law, *see Adams v. Holland*, 330 F.3d 398, 405 (6th Cir. 2003), it is inescapable that the district court committed a legal error - failing to recognize that even prior to the promulgation of TSCR 39, Tennessee law did not require criminal defendants to raise their claims before the Tennessee Supreme Court to meet the exhaustion requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub.L. No.

---

[1]The Court noted the multiple usages of "on the merits," and limited its use in this context to referring to a determination that grounds entitling a petitioner to relief under § 2254(a) and (d) did or did not exist. The Court clarified that a habeas petitioner was not seeking a determination "on the merits" if "he merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial of such reasons as failure to exhaust, procedural default, or statute of limitations bar." *Id*. at 532 n.4.

[2]As it must, Respondent concedes that Abdur'Rahman's motion, to the extent it seeks reconsideration of his prosecutorial misconduct claims found to be procedurally defaulted by the district court, does not constitute a successive habeas petition.

[3]The dissent argues that, under the "law of the case" doctrine, our en banc court's determination that Abdur'Rahman's motion fell under Rule 60(b)(6) is binding on this panel. Normally, a general vacation of a lower court's judgment divests that court's judgment of its binding effect. *See Johnson v. Bd. of Educ.*, 457 U.S. 52, 53-54 (1982). "A vacation which merely requires further consideration in light of a new Supreme Court decision, however, is of a much more limited nature," *United States v. M.C.C. of Florida, Inc.*, 967 F.2d 1559, 1561-62 (11th Cir. 1992), since the lower court is asked merely to decide the impact of the Supreme Court decision. *Id*. at 1562. Contrary to the dissent's assertion, however, we are not necessarily bound by any part of the prior decision. Instead, we are "free to adopt any or all of [the prior decision] that, upon reconsideration, [is] unaffected by [the Supreme Court decision]." *Id*. Our holding, that Abdur'Rahman's motion is properly characterized as one under Rule 60(b)(1), simply reflects our reconsideration of this issue.

104-132 §§ 101-107, 110 Stat. 1214, 1217-26 (codified as amended in 28 U.S.C. § 2244, 2253-55, 2261-66 (2000)). To find otherwise strains logic.

Construing Abdur'Rahman's motion as one made pursuant to Rule 60(b)(1), as we must, *see Liljeberg*, 486 U.S. at 863 & n.11 (noting that relief under Rule 60(b)(6) is precluded if the reason offered for relief can be considered under the specific clauses of Rule 60(b)), we dismiss it as untimely since it was not made within one year after the judgment was entered. Fed. R. Civ. P. 60(b). The district court denied habeas relief on the prosecutorial misconduct claims in April 1998, and Abdur'Rahman did not file his Rule 60(b) motion until more than three years later in November 2001. Therefore, this motion is dismissed since it was filed outside the applicable time period.

The dissent suggests this matter should instead be remanded to the district court for an initial determination of whether the Rule 60(b) motion has any merit. However, that suggestion was implicitly rejected when the en banc court referred this case back to the original panel. *See In re Abdur'Rahman*, 425 F.3d 328, 329 (6th Cir. 2005) (Martin, J., dissenting).

APPEAL DISMISSED.

---

### **DISSENT**

---

R. GUY COLE, JR., Circuit Judge, dissenting.  On August 1, 2005, the U.S. Supreme Court vacated our prior en banc judgment in this case, *In re Abdur'Rahman*, 392 F.3d 174 (6th Cir. 2004), *vacated by Bell v. Abdur'Rahman*, 545 U.S. 1151 (2005), and remanded the case for further consideration in light of *Gonzalez v. Crosby*, 545 U.S. 524 (2005), decided not long after our decision in *Abdur'Rahman*.  A majority of the en banc Court directed that the case be returned to the original appellate panel, rather than the district court, for a decision consistent with the Supreme Court's remand.  *In re Abdur'Rahman*, 425 F.3d 328 (6th Cir. 2005); *see id.* at 329 (Martin, J., dissenting) (stating that, consistent with *Alley v. Bell*, 405 F.3d 371 (6th Cir. 2005), and our customary practice, the case should be remanded to the district court for a determination, in the first instance, of whether Abdur'Rahman's motion may be treated as a Rule 60(b) motion).

The panel majority now holds, as I would, that *Crosby* requires treating Abdur'Rahman's motion to reopen the district court's judgment (specifically, that portion of the judgment dismissing his prosecutorial-misconduct claims as procedurally defaulted) as a Rule 60(b) motion, rather than a second or successive habeas petition.  The majority's conclusion should put an end to our consideration of the matter.  Once again, if we were following proper procedure, the case would be remanded to the district court for a determination of whether Abdur'Rahman's Rule 60(b) motion should be granted.  After the district court rules, and assuming that there is an appeal from that ruling, we will then have the opportunity to weigh in on the merits of Abdur'Rahman's motion.  Instead of deferring to the district court, however, the majority needlessly takes it upon itself to decide how the motion should be disposed of.

As if this were not enough, the majority's merits analysis amounts to nothing more than an attempt to resurrect the failed arguments of the dissenting opinion to our en banc judgment.  Judge Siler argued in his en banc dissent that even if Abdur'Rahman's motion was properly brought under Rule 60(b), it could only be classified as a Rule 60(b)(1) motion and therefore, having been filed more than one year after the district court issued its habeas judgment, must be dismissed as untimely.  *See* Fed. R. Civ. P. 60(b) (stating that a motion brought under Rule 60(b)(1) must be filed "not more than one year after the judgment, order, or proceeding was entered or taken").  A majority of the en banc Court rejected the dissent's arguments, concluding instead that Abdur'Rahman's motion fell under Rule 60(b)(6) and that it was timely filed under that subsection's reasonable-time requirement.  *In re Abdur'Rahman*, 392 F.3d at 185 ("Abdur'Rahman's motion is properly characterized as a Rule 60(b)(6) motion."); *id.* ("Abdur'Rahman has satisfied the reasonable time requirement" of Rule 60(b)(6)).  The panel majority does not cite any authority from the Supreme Court's order remanding the case to this Court, or from *Crosby* or any subsequent decision of the Supreme Court or this Court, suggesting that anything has changed such that the panel majority's previously rejected views now have purchase.[1]  Thus, I cannot help but conclude that my colleagues are overreaching.

---

[1]Indeed, where the Supreme Court vacated our en banc judgment and remanded the case only for purposes of assessing whether our ruling was consistent with *Crosby*, and where the panel majority concludes that it was, our prior conclusion that Abdur'Rahman's motion is properly characterized as a Rule 60(b)(6) motion and that it was timely filed should be treated as "law of the case." *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006) (The law-of-the-case doctrine "states that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (internal quotations and citations omitted); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005) ("Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.") (quoting *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)).

Having determined that our en banc disposition in no way conflicts with *Crosby*, I would remand the case to the district court to determine whether Abdur'Rahman's Rule 60(b) motion should be granted. However, since the panel majority sees fit to reach the merits, I will do the same.

The procedural irregularities of the majority's holding aside, I disagree with my colleagues' conclusion that Abdur'Rahman's motion is best characterized as one under Rule 60(b)(1), rather than Rule 60(b)(6). Tellingly, even though the State had the benefit of the panel majority's reasoning as a result of Judge Siler's en banc dissent, the State does not, even in its supplemental briefing on remand, argue that Abdur'Rahman's motion must be considered under the strictures of Rule 60(b)(1).

The majority holds that because Tennessee Supreme Court Rule 39 ("TSCR 39") constituted a clarification, rather than a substantive change, of state law, the district court made a legal error in determining that Abdur'Rahman's prosecutorial-misconduct claims were procedurally defaulted. Thus, the majority reasons that Abdur'Rahman's Rule 60(b) motion is predicated on a legal error, which makes the motion cognizable only under subsection (1)'s "mistake" ground for relief. I disagree. In the first place, as the en banc Court explained, the district court "did not make a 'mistake' in requiring defendants to appeal to the Tennessee Supreme Court, because [it] simply had no reason based on United States Supreme Court law, state law, and federal court precedents to know otherwise." *In re Abdur'Rahman*, 392 F.3d at 184. Moreover, we have never held that Rule 60(b) claims of legal error must be analyzed exclusively under subsection (1). Rather, we have repeatedly stated that even though legal errors ordinarily fall within the parameters of subsection (1), they are cognizable under subsection (6) if "exceptional circumstances" are present. *See e.g., Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) ("A claim of strictly legal error falls in the category of 'mistake' under Rule 60(b)(1) and thus is not cognizable under 60(b)(6) absent exceptional circumstances."); *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578-79 (6th Cir. 1998).

Here, Tennessee's promulgation of TSCR 39 constituted an exceptional circumstance. TSCR 39 was issued while this case was still pending and thus does not present the situation that existed in *Crosby*, where the petitioner brought his motion to reopen more than a year after a final judgment was entered in his federal habeas proceedings. In addition, under AEDPA we are bound to observe the State of Tennessee's declarations as to the meaning of its laws. Tennessee has made it clear that defendants who challenge their convictions or post-conviction denials of relief are not required to seek discretionary review in the Tennessee Supreme Court in order to exhaust their claims for purposes of federal habeas review. AEDPA's purpose of preserving comity between state and federal courts would be severely undermined were Tennessee's procedural law ignored in this case. *In re Abdur'Rahman*, 392 F.3d at 187. Thus, given that the clarification in state law at issue here occurred during the pendency of this case and given that we are required to apply state procedural law in adjudicating federal habeas petitions, I would hold that TSCR 39 constitutes an exceptional circumstance justifying relief from judgment here.

For the preceding reasons, I respectfully dissent.