**NOT RECOMMENDED FOR PUBLICATION**
File Name: 04a0090n.06
Filed: November 16, 2004

**No. 03-5186**


**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**


**MARTIN E. WALKER,**

      **Petitioner-Appellant,**

**v.**                              **ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE**
**HOWARD CARLTON, WARDEN,**      **MIDDLE DISTRICT OF TENNESSEE**

      **Respondent-Appellee.**

                                  /


**BEFORE:**    **CLAY and GILMAN, Circuit Judges; O'MALLEY, District Judge.**[*]

      **CLAY, Circuit Judge**.  In this *pro se* appeal from a dismissal of a habeas corpus petition, Petitioner contends that the district court erred in finding his petition was barred by the statute of limitations delineated at 28 U.S.C. § 2244(d)(1) and further erred in finding Petitioner did not enter a plea bargain that made his sentence in this case concurrent, and not consecutive, with his prior sentence of life imprisonment.  Pursuant to 28 U.S.C. § 2253(c), we granted Petitioner a certificate of appealability on the foregoing issues after the district court denied the same.  For the reasons set

---

      [*]The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

forth below, we **AFFIRM** the district court's order dismissing Petitioner's petition seeking a writ

of habeas corpus.

**BACKGROUND**

On November 13, 2002, Petitioner filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Tennessee. According to the petition, Petitioner pleaded guilty to second-degree murder in Davidson County Criminal Court in 1986 and was sentenced to twenty-five years in prison. Earlier, in August of 2000, Petitioner had filed an application for delayed appeal in the Tennessee Court of Criminal Appeals, arguing that his guilty plea in 1986 should have resulted in a concurrent sentence, and not a consecutive sentence, with his earlier sentence of life imprisonment for a separate 1985 conviction for first-degree murder. The Tennessee state appellate court denied Petitioner's delayed appeal and Petitioner then, again unsuccessfully, filed a "petition to correct or modify [or] void sentence" in the Davidson County Criminal Court. (J.A. 4). In an opinion dated April 5, 2002, the Tennessee Court of Criminal Appeals affirmed dismissal of Petitioner's petition to modify, correct or void his sentence, noting that the record demonstrated that Petitioner's twenty-five year sentence on his 1986 guilty plea was to run consecutive to his sentence of life imprisonment for his 1985 conviction of first-degree murder.

Petitioner then filed a petition for rehearing, which the state appellate court denied by written order dated April 29, 2002. On September 16, 2002, the Tennessee Supreme Court denied Petitioner's application for permission to appeal the state appellate court's denial of his petition for rehearing. As recounted above, Petitioner filed a petition seeking a writ of habeas corpus in the district court pursuant to 28 U.S.C. § 2254. The government then filed a motion to dismiss Petitioner's petition seeking a writ of habeas corpus on statute of limitations grounds. On January

3

22, 2003, the district court granted the government's motion and dismissed the petition. The district court further denied Petitioner's motion for a certificate of appealability, but on August 22, 2003, this Court granted a certificate of appealability on the issues of whether the statute of limitations barred Petitioner's claim and whether Petitioner knew he was subject to a consecutive sentence when he entered his plea agreement. Subsequent to the parties' filing briefs in this case, a panel of this Court determined the case was not ripe for disposition, pursuant to Sixth Circuit Rule 34(j)(2)(C), because "the parameters of the plea agreement cannot be discerned from the record on appeal." *Walker v. Carlton*, No. 03-5186, (6th Cir. Mar. 11, 2004) (Merritt, Daughtrey, Hood).[1]

## DISCUSSION

### Standard of Review

We review a district court's dismissal of a petition seeking a writ of habeas corpus pursuant to a *de novo* standard of review. *Bronaugh v. Ohio*, 235 F.3d 280, 282 (6th Cir. 2000); *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999). A district court's factual findings will be reviewed under a clearly erroneous standard. *See United States v. Clay*, 346 F.3d 173, 178 (6th Cir. 2003). Pursuant to 28 U.S.C. § 2254(e)(1), we afford deference to a state court's factual finding under a "presumption of correctness" standard, and a petitioner may overcome this presumption only by presenting "clear and convincing evidence" to the contrary. *Stumpf v. Mitchell*, 367 F.3d 594, 600 (6th Cir. 2004); *McAdoo v. Elo*, 365 F.3d 487, 493 (6th Cir. 2004).

---

[1]That rule provides that oral argument will not be allowed when the "facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." 6th Cir. R. 34(j)(2)(C). The analogous appellate procedural rule exists under Federal Rule of Appellate Procedure 34(a)(2)(C).

**Analysis**

In his *pro se* letter brief seeking a writ of habeas corpus, Petitioner argues that he did not know that his plea agreement would have resulted in a consecutive sentence being added to his prior sentence for life imprisonment. Petitioner argues that the statute of limitations period for a 28 U.S.C. § 2254 claim did not begin to run in 1986 because he did not know "he was lied to [by his appointed counsel] until the year 2000," the year Petitioner allegedly realized that his counsel's assurance that his 1986 sentence would run concurrent to his earlier 1985 sentence, assuming he had no infractions in prison, was untrue. (Def's. ltr br. at 2). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), as codified at 28 U.S.C. § 2244, a petitioner has one year from the date of the final state proceeding within which to file a petition seeking a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). If a habeas application was filed or should have been filed prior to the April 24, 1996 effective date of AEDPA, then the one-year statute of limitations period begins to run one year after the effective date of AEDPA. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).

In the instant case, Petitioner pleaded guilty to second-degree murder in April of 1986 and had thirty days to appeal that sentence pursuant to Rule 4(a) of the Tennessee Rules of Appellate Procedure. Petitioner's conviction therefore became final in May of 1986, and Petitioner had until April 24, 1997 to file his petition seeking a writ of habeas corpus. 28 U.S.C. § 2244(d)(1); *see also Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (noting that a habeas petition becomes final for § 2244(d) purposes when direct review concludes, and not when a petitioner exhausts all state court remedies). Petitioner first sought post-conviction relief in state court in August of 2000 and

his habeas petition in this case was filed on November 13, 2002. Petitioner presents no argument in his brief as to why the statute of limitations in 28 U.S.C. § 2244(d) should have been tolled, but apparently thinks that limitation period should not apply in this case based on the alleged misrepresentation made by his attorney during state trial sentencing proceedings.

Pursuant to 28 U.S.C. § 2253(c)(1), this Court granted a certificate of appealability because it believed that Petitioner made a substantial showing of a denial of a constitutional right. In his *pro se* letter brief to this Court, Petitioner reiterates the arguments he made before the district court, contending that his state trial counsel was constitutionally ineffective in advising him that he should plead guilty to the second-degree murder charge to avoid a trial at which, if he were convicted, he could face the death penalty because of his prior first-degree murder conviction. According to Petitioner, had his counsel advised him that his prior conviction for first-degree murder would not have to be introduced to a jury if he did not take the stand, he would have opted for a jury trial. Moreover, Petitioner contends that he would not have pleaded guilty to second-degree murder if such a plea would have subjected him to a consecutive sentence, and not a concurrent sentence to his life imprisonment sentence, as he was allegedly made to believe by his state trial counsel. Petitioner argues that, because he suffered ineffective assistance of counsel in signing his plea agreement, his guilty plea on the second-degree murder charge was involuntarily given and his fundamental due process right to liberty was violated by counsel.

The "substantial showing of a denial of a constitutional right" standard applied by federal courts when deciding whether to grant a certificate of appealability is flexible, and a petitioner satisfies the standard merely by demonstrating that reasonable jurists could differ in the outcome

achieved by the district court. *See Slack v. McDaniel*, 529 U.S. 473, 480-84 (2000). Of course, "[i]t is consistent with [28 U.S.C.] § 2253 that a certificate of appealability will issue in some instances where there is no certainty of ultimate relief." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). In the instant case, Petitioner alleges that his state trial counsel made a significant misrepresentation that resulted in his guilty plea in this case and, but for that misrepresentation, he would have requested a jury trial. Petitioner alleges that his state trial counsel lied to him by informing him that he would be entitled to a concurrent sentence if he had no disciplinary violations in the first fourteen years in prison while serving his sentence on second-degree murder. According to Petitioner, his state trial counsel informed him that the state endorsed the plea agreement based on the ground that Petitioner would serve a concurrent sentence based on good behavior. Petitioner also alleges that his state trial counsel urged him not to ask the judge any questions at the plea bargain hearing or else risk the judge rejecting the plea agreement. The record before the district court, however, revealed that Petitioner was asked during his plea colloquy whether he understood that, under the terms of his plea agreement, he would be subject to consecutive sentences for his two crimes. Petitioner answered that inquiry affirmatively.[2]

---

[2] As proof that he received ineffective assistance of counsel in entering his plea agreement, Petitioner submits an unsigned affidavit, that he drafted and presented in his state court appeal, in which he alleges his appointed counsel warned him that to avoid the death penalty he should enter the plea agreement. A panel of this Court gave Petitioner a bite of the apple by allowing the record to be supplemented to include the plea bargain agreement. In this appeal, Petitioner has not supplemented the record to include the terms of the plea agreement that would overcome the Tennessee Court of Criminal Appeals' factual finding that Petitioner knew his sentences were consecutive. Even as a *pro se* litigant, Petitioner had a responsibility to facilitate the disposition of this case; his failure to do so is fatal to his claim. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *United States v. King*, 169 F.3d 1035, 1043 (6th Cir. 1999).

The law is well settled that to establish an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was constitutionally deficient and that that deficiency prejudiced Petitioner. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Constitutional deficiency is proven by showing that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *See id.* As to the prejudice prong, a petitioner asserting ineffective assistance of counsel in the plea agreement context must demonstrate a "reasonable probability that, but for counsel's errors [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Maples v. Stegall*, 340 F.3d 433, 440 (6th Cir. 2003); *United States v. Cottage*, 307 F.3d 494, 500 (6th Cir. 2002); *Magana v. Hofbauer*, 263 F.3d 542, 547-48 (6th Cir. 2001) (discussing ineffective assistance of counsel in plea agreement context). Under 28 U.S.C. § 2254 (e)(2), a habeas petitioner who fails to present clear and convincing evidence rebutting a state court's findings of fact may not be granted an evidentiary hearing on the habeas claim in the absence of an applicable exception. 28 U.S.C. § 2254(e)(2)(A), (B).

In the instant case, Petitioner argues that the factual predicate of his claim could not have been discovered until 2000. 28 U.S.C. § 2254(e)(2)(A)(ii) and (B). In other words, Petitioner contends that his claim of ineffective assistance of counsel could not have been known until 2000, the year Petitioner alleges he realized that his state trial counsel's assurance that he would be entitled to a concurrent sentence on his 1986 guilty plea, assuming his conduct in prison was exemplary, had been untrue. More recently, this Court reasoned that a habeas petitioner fails to develop the factual basis of a claim for relief pursuant to 28 U.S.C. § 2254 if the record indicates "lack of diligence, or

some greater fault, attributable to the prisoner or the prisoner's counsel in efforts to discover and present claims in state court." *McAdoo*, 365 F.3d at 500. Any Petitioner who enters into a plea agreement must have "sufficient awareness of relevant circumstances and likely consequences" for such agreement to have the imprimatur of constitutional validity. *See Brady v. United States*, 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Williams v. Taylor*, 529 U.S. 430, 437 (2000). In an unpublished opinion, the Tennessee Court of Criminal Appeals reasoned that Petitioner's motion to correct or modify his 1986 sentence was without merit. *See Walker v. State*, 2002 WESTLAW 517144, at *2 (Tenn. Crim. App. 2002). The court noted that after the record was supplemented to include the 1986 plea agreement and judgment, it was established that Petitioner's 1986 sentence was to be served consecutively and the "transcript of the petitioner's guilty plea establishes that the petitioner was made aware that the sentences would be served consecutively." *Id*. In this appeal, Petitioner points to no evidence in the record that would overcome the "presumption of correctness" in that factual finding from the Tennessee Court of Criminal Appeals. 28 U.S.C. § 2254(e)(1). Although Petitioner's letter brief levels serious accusations regarding whether his state trial counsel was constitutionally ineffective in recommending he enter a plea agreement, Petitioner does not present any "clear and convincing evidence" that his state trial counsel was ineffective. *Stumpf*, 367 F.3d at 598; *McAdoo*, 365 F.3d at 493. Mere allegations of ineffective assistance of counsel, contradicted by the record, will not suffice to overcome the "presumption of correctness" in a state court's factual findings. 28 U.S.C. § 2254(e)(1). On this basis, we affirm the district court's dismissal of Petitioner's petition seeking a writ of habeas corpus.

**CONCLUSION**

For the foregoing reasons, we **AFFIRM** the district court's order dismissing Petitioner's petition seeking a writ of habeas corpus.