*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0105p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

 *v.*

             No. 06-5400

COREY HARDIN,

    *Defendant-Appellant.*

>

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 97-00091—Edward H. Johnstone, District Judge.

Submitted: October 31, 2006

Decided and Filed: March 20, 2007

Before: MARTIN and COOK, Circuit Judges; TARNOW, District Judge.[*]

_____

## OPINION

_____

  BOYCE F. MARTIN, JR., Circuit Judge. Petitioner Corey Hardin was indicted in district court for several drug trafficking offenses. He pled guilty to each of the nine counts brought against him, and was sentenced to 168 months imprisonment in September of 1999. His attorney neglected to bring a direct appeal, although Hardin now claims that it was his desire to do so. In May of 2000, Hardin filed a petition for a writ of habeas corpus in the district court pursuant to 28 U.S.C. § 2255. The district court ultimately denied Hardin relief. In response, Hardin filed a motion under Fed. R. Civ. P. 60(b) in November of 2001, seeking relief from the judgment in his habeas case. The district court construed this motion as a successive habeas petition, and referred it to this Court under 28 U.S.C. § 2244. This Court denied Hardin authorization to bring a second application.

  In 2006, Hardin filed additional post-judgment motions in the district court, including a "Motion to Recall Mandate and Vacate Judgment," pursuant to Rule 60(b). This motion is the subject of the present appeal. Hardin's renewed 60(b) motion was based on the district court's ruling that his prior 60(b) motion was a second or successive habeas petition, a conclusion that he challenged based on the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641 (2005). In *Gonzalez*, the Court ruled that a 60(b) motion in a habeas case brought under 28 U.S.C. § 2254 to seek relief from a state court conviction "is not to be treated as a successive

_____

[*] The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." *Id.* at 2651.

The government has filed a motion to remand this case for a ruling on a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B). That statute prohibits us from taking up an appeal from a final order in any section 2255 proceeding without such a certificate. This is a separate procedural hurdle from the authorization required under section 2244 to file a second or successive habeas petition. In fact, the Supreme Court seemingly endorsed the certificate of appealability requirement in appeals of denials of Rule 60(b) motions in *Gonzalez. See* 125 S. Ct. at 2650 ("Many Courts of Appeals have construed 28 U.S.C. § 2253 to impose an additional limitation on appellate review by requiring a habeas petitioner to obtain a COA as a prerequisite to appealing the denial of a Rule 60(b) motion.").

It appears that eight other circuits have required a certificate of appealability as a prerequisite for a habeas petitioner's appeal of the denial of a Rule 60(b) motion. *Jackson v. Crosby*, 437 F.3d 1290, 1294-95 (11th Cir. 2006); *United States v. Lambros*, 404 F.3d 1034, 1035 (8th Cir. 2005); *United States v. Vargas*, 393 F.3d 172, 174 (D.C. Cir. 2004); *Reid v. Angelone*, 369 F.3d 363, 369 (4th Cir. 2004); *Kellogg v. Strack*, 269 F.3d 100, 103 (2d Cir. 2001); *Rutledge v. United States*, 230 F.3d 1041, 1046-47 (7th Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 336 (3d Cir. 1999); *Langford v. Day*, 134 F.3d 1381, 1383 (9th Cir. 1998). We believe that this prerequisite is consistent with the language of section 2253, and therefore hold that Hardin must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b) motion can be heard. If the rule were otherwise, a petitioner who is denied habeas relief in the district court could simply circumvent the certificate of appealability requirement by filing a motion for relief from judgment under Rule 60(b), and then styling his appeal as a challenge to the denial of the Rule 60(b) motion rather than the judgment. Allowing such an approach would undermine the requirements of section 2253, under which, as the Supreme Court has noted, we lack jurisdiction to hear a habeas appeal without a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Admittedly, the distinction between the certificate of appealability requirement of section 2253 and the authorization for a second and successive petition requirement of section 2244 creates a significant potential for confusion in a case like Hardin's, where both are relevant. In short, however, *Gonzales* arguably helps Hardin's 60(b) motion. It thus would not be a second or successive petition — however, before we can address such a question, he must seek and obtain a certificate of appealability under section 2253.[1] The motion to remand this case to the district court for consideration of a certificate of appealability is granted. The motion to hold the briefing schedule in abeyance is also granted.

---

[1] In order to obtain a certificate of appealability, Hardin "must show that we could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks and citations omitted).