RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 07a0393p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

EDWARD JEROME HARBISON,

    *Petitioner-Appellant*,

    *v.*

RICKY BELL, Warden,

    *Respondent-Appellee*.

Nos. 06-6474/6539; 07-5059

Appeal from the United States District Court
for the Eastern District of Tennessee.
No. 97-00052—Curtis L. Collier, Chief District Judge.

Submitted: January 24, 2007

Decided and Filed: September 27, 2007

Before: SILER, CLAY, and COOK, Circuit Judges.

    SILER, J., delivered the opinion of the court, in which COOK, J., joined. CLAY, J. (p. 5), delivered a separate dissenting opinion.

---

## OPINION

---

    SILER, Circuit Judge. Petitioner Edward Jerome Harbison was convicted of first-degree murder, second-degree burglary, and grand larceny, and was sentenced to death. After unsuccessfully appealing through the Tennessee state courts, he petitioned in federal court for a writ of habeas corpus under 28 U.S.C. § 2254. After the district court denied relief in 2001, we affirmed the district court in *Harbison v. Bell*, 408 F.3d 823 (6th Cir. 2005). We will not repeat the facts as related in that opinion, except where they may be relevant to the current cases. While his habeas corpus claim was proceeding in the federal courts, in 2001, Harbison filed a motion in state court to reopen his post-conviction petition, which he subsequently moved to treat as a petition for a writ of error coram nobis. In 2004, the trial court denied his motion as untimely, and the Tennessee Court of Criminal Appeals affirmed that decision. *Harbison v. State*, No. E2004-00885-CCA-R28-PD, 2005 WL 1521910 (Tenn. Crim. App. June 27, 2005) (unpublished). Harbison thereafter filed these three matters in federal district court, and they came before us, either as appeals or on transfer from the district court. He also asks for a stay of execution. For the reasons stated thereafter, we affirm the district court's rulings and deny all other relief requested.

### No. 06-6474

    This case is an original action involving the district court's transfer of Harbison's request for permission to file a successive habeas corpus petition before this court for initial consideration under 28 U.S.C. § 2244(b)(3). Harbison's current pleading involves two claims previously raised

in his initial § 2254 petition. First, he argues that pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), newly-available evidence previously withheld by the Chattanooga Police Department raises the possibility of other suspects in the homicide. Second, he argues that newly-discovered evidence reveals that the attorney who handled his motion for a new trial and his direct appeal had an impermissible conflict of interest.

The district court concluded that, while part of Harbison's argument was properly raised in a Rule 60(b) motion, a portion of his argument could only be raised in a successive § 2254 petition. If Harbison is attempting to raise new claims or present claims previously adjudicated, those claims can only be raised in a successive § 2254 petition, *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005), and the district court properly transferred the case to this court so that Harbison could request permission to file a successive § 2254 petition. To the extent that Harbison is attempting to raise new issues or re-raise issues presented in his prior § 2254 petition, his current motion should be construed as an attempt to file a successive petition under § 2244(b)(3). Thus, he requires this court's authorization to file such a petition with the district court.

To obtain this permission, Harbison must make a prima facie showing either that: (1) a new rule of constitutional law applies to his case that the Supreme Court made retroactive to cases on collateral review; or (2) a newly-discovered factual predicate exists which, if proven, sufficiently establishes that no reasonable factfinder would have found Harbison guilty of the underlying offense but for constitutional error. 28 U.S.C. §§ 2244(b)(2) & 2244(b)(3)(C).

The requirements under the Antiterrorism and Effective Death Penalty Act (AEDPA) apply here. Harbison has not met the standard under either provision of § 2244(b)(2) that would allow him to file a successive petition. First, he does not rely on a new rule of constitutional law to justify filing a § 2254 petition. Second, while he does rely on newly-discovered evidence, the evidence is not sufficient to establish that no reasonable factfinder would have found him guilty of first-degree murder. We previously reviewed this evidence and concluded that it "is not sufficient to create a reasonable probability that the result of the trial would have been different [,]" *Harbison*, 408 F.3d at 834, and "was unlikely to change the result of Harbison's trial." *Id.* at 836. Therefore, Harbison's request for authorization to file a successive § 2254 petition will be denied.

<u>No. 06-6539</u>

In this case, Harbison appeals from the district court's denial of his Rule 60(b) motion. Initially, Harbison is required to obtain a Certificate of Appealability (COA) in order to receive a full review of his claims in this appeal. *See United States v. Hardin*, 481 F.3d 924, 925-26 (6th Cir. 2007).

Harbison has not demonstrated that he is entitled to a COA. Under 28 U.S.C. § 2253(c)(2), the court should grant a COA for an issue raised in a § 2254 petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right. A petitioner satisfies this standard by demonstrating that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues raised are adequate to deserve further review. *Banks v. Dretke*, 540 U.S. 668, 705 (2004).

Harbison has not shown that reasonable jurists would disagree with the district court's dismissal of his Rule 60(b) motion or that the issue is adequate to deserve further review. He argued in his Rule 60(b) motion that the two claims from his § 2254 petition should not have been dismissed as procedurally defaulted. Because Harbison had not raised these claims in state court before presenting them in his initial § 2254 petition, we concluded that the claims were procedurally defaulted because he had no remaining state court remedies through which he could raise the claims. *Harbison*, 408 F.3d at 830-33 & 836.

The district court determined that Harbison's motion was brought under Fed. R. Civ. P. 60(b)(6), which is the residual clause. A movant's claims can be brought under Rule 60(b)(6) only if they cannot be brought under another clause of Rule 60(b). *Abdur'Rahman v. Bell*, 493 F.3d. 738, 741 (6th Cir. 2007). However, Harbison's argument is more properly brought under Rule 60(b)(1), which provides for relief on the basis of mistake, inadvertence, or excusable neglect. In his Rule 60(b) motion, Harbison maintained that the district court and this court committed legal error or mistake because state court remedies remained for his claims and, therefore, they were not procedurally defaulted. Since Harbison is alleging legal error, he had to bring his motion within the normal time for taking an appeal from the district court's judgment. *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 133 (6th Cir. 2007). Even if Harbison's motion is construed as brought under the more general provisions of Rule 60(b)(1), he was still required to file his motion within one year after the judgment was entered. *See Abdur'Rahman,* 493 F.3d at 741. The district court dismissed Harbison's initial § 2254 petition in March 2001, and Harbison did not file his Rule 60(b) motion until April 2006. Therefore, his motion, if filed under Rule 60(b)(1), was untimely.

Even if Harbison's motion is construed as filed under Rule 60(b)(6), he still has not demonstrated that the issue is adequate to merit further review. Motions under Rule 60(b)(6) do not have a time limit, but a movant is required to demonstrate extraordinary circumstances which would justify reopening a final judgment. *Gonzalez*, 545 U.S. at 535. Relief under Rule 60(b)(6) should be granted only in unusual and extreme situations where principles of equity mandate relief. *GenCorp., Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007).

While Harbison's argument concerning the procedural default of his claims is somewhat correct, it is not sufficient to meet the high standard required for 60(b)(6) relief. Although this court and the district court may have incorrectly determined that Harbison had procedurally defaulted his two claims on the basis that he had no state court remedies remaining, he still procedurally defaulted in state court. The Tennessee Court of Criminal Appeals found that Harbison could not raise in a coram nobis petition his claim that one of his attorneys suffered from a conflict of interest, but implied that he could raise a *Brady* claim in a coram nobis petition. Nevertheless, it found that his petition for the *Brady* claim was untimely and the merits of the claim were not sufficient to outweigh the untimeliness of his petition. *See Harbison*, 2005 WL 1521910, at *5-6.

Therefore, Harbison still procedurally defaulted his *Brady* claim in state court, but on the basis of his failure to timely pursue his relief rather than on the unavailability of state court remedies. Harbison must establish cause and prejudice to excuse this procedural default in order to obtain review of his *Brady* claim. *Bousley v. United States*, 523 U.S. 614, 622 (1998). We previously rejected his claims for cause and prejudice. See *Harbison*, 408 F.3d at 833-36. We also previously concluded that Harbison procedurally defaulted his claim on the conflict of interest by his attorney and had not demonstrated cause and prejudice to excuse the procedural default. *Id.* at 836.

Therefore, Harbison has not demonstrated that an adequate issue exists concerning whether extraordinary circumstances are present to justify Rule 60(b) relief, so we will deny his motion for a COA.

<u>No. 07-5059</u>

In this case, Harbison appeals from the district court's denial of his motion to alter or amend the judgment and the denial of his request to authorize the Federal Public Defender Services to represent him in state clemency proceedings. However, in his COA application, he only challenges the district court's decision denying his request to appoint counsel to represent him in the clemency proceedings under 18 U.S.C. § 3599(e).

It is not clear that Harbison requires a COA to appeal the district court's denial of this counsel motion. Although we have never held that a COA is required to appeal from a final order denying counsel in a clemency proceeding, we would follow the implied rule from *Smith v. Dretke*, 422 F.3d 269, 288 (5th Cir. 2005), which found that no COA was required to appeal from the denial of expert assistance under 21 U.S.C. § 848(q). However, even if a COA is required for this issue, because we have previously ruled in *House v. Bell*, 332 F.3d 997, 998-99 (6th Cir. 2003) (en banc) (order), that § 3599(e) (as previously codified at 21 U.S.C. § 848(q)(4)(B)) does not authorize federal compensation for legal representation in state matters, a COA should not be granted for this issue.

## Conclusion

Therefore, we hereby:

1.  Deny the request for authorization to file the successive § 2254 petition. (No. 06-6474).

2.  Deny the motion for a COA on the Rule 60(b) motion. (No. 06-6539).

3.  Deny the motion for a COA for the Federal Public Defender Services to represent Harbison in state clemency proceedings. (No. 07-5059).

4.  Deny the accompanying motions to stay execution.

5.  Affirm the district court in its rulings in these cases.

---

**DISSENT**

---

        CLAY, Circuit Judge, dissenting.  I dissented with respect to the prior panel opinion in this matter, *Harbison v. Bell*, 408 F.3d 823 (6th Cir. 2005), because the district court improperly failed to grant Harbison's petition for a writ of habeas corpus on the ground that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963); and Harbison had demonstrated cause and actual prejudice for his failure to raise his *Brady* claim in state court prior to seeking habeas relief in federal court. Despite several court orders compelling disclosure of exculpatory materials from the Chattanooga Police Department records which indicate that another individual, Ray Harrison, had the motive and opportunity to murder Edith Russell and burglarize her home, the majority in the prior panel decision dismissed the materiality of the exculpatory evidence by engaging in the crassest form of speculation in an attempt to minimize the importance of the evidence.  Nor did the panel majority adequately explain or justify the withholding of the jail house statements of potential witness, David Schreane, regarding Detective Foster's notes concerning Schreane's motive to falsely implicate Harbison in the murder.  Because of the panel majority's denial of the habeas petition in 2005, Harbison was never accorded sufficient opportunity to demonstrate that Ray Harrison's wife placed Harrison at the scene of the crime, thereby buttressing Harbison's alibi defense to the murder charge. As a result, Harbison was effectively prevented from demonstrating his innocence inasmuch as he might have used the suppressed evidence to aid his acquittal by shifting the blame for the murder to Harrison.  In other words, the prosecution's *Brady* violation denied Harbison the right to present his best possible defense to the jury.  Furthermore, as explained by my prior dissent in this matter, at 408 F.3d at 841, Harbison did not procedurally default his *Brady* claim or, if he did, such procedural default should have been excused by the showing of cause for the default, and prejudice resulting from the default, as explained in excruciating detail by the aforesaid dissent.  The dissent goes to great lengths to explain why there was cause for the procedural default, notwithstanding the purported lack of evidence of deliberate prosecutorial concealment.  Consequently, the panel majority's failure to provide habeas relief based on the *Brady* claim means that it is entirely possible that Edward Harbison, who was scheduled for execution on September 26, 2007, may be actually innocent of the offense for which he is to be executed.

        In order for the majority in the instant appeal, in Case Nos. 06-6474 and 06-6539, to conclude, as it does, that Harbison cannot obtain any relief because he cannot demonstrate that "a newly-discovered factual predicate exists which, if proven, sufficiently establishes that no reasonable fact finder would have found Harbison guilty of the underlying offense but for constitutional error," the majority has to implicitly rely upon its prior unsupportable and unpersuasive holdings in the prior panel opinion, reported at 408 F.3d 823, to the effect that there was no *Brady* violation in connection with the state court trial; that there was no improper withholding of evidence that should have been divulged to petitioner; and that petitioner had no justification for failing to come forward with exonerating evidence that he did not know about because it had been concealed or withheld from him.  The circular rationale and the illogic of the majority's application of death penalty jurisprudence in this case operate to defeat the principle of the *Brady* case that convictions are not to be obtained based upon evidence which is concealed, or not disclosed.  In the instant appeal, the majority justifies its inability or unwillingness to grant relief based upon its prior improper determination that Harbison is not entitled to the protection of the *Brady* case and therefore concludes that Harbison should not be afforded the opportunity to file a successive habeas petition or be granted a certificate of appealability with respect to Harbison's Rule 60(b) motion.  I therefore respectfully dissent.