**Roger WARDLAW, Petitioner,**

v.

**Carol HOWES, Respondent.**

No. 1:04–cv–848.

United States District Court,
W.D. Michigan,
Southern Division.

July 15, 2008.

Roger Wardlaw, Ionia, MI, pro se.

Brenda E. Turner, Raina Korbakis, MI Dept. Attorney General, Lansing, MI, for Respondent.

## Order

PAUL L. MALONEY, District Judge.

**Denying a Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), "the court should grant a COA for an issue raised in a § 2254 petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right." *Harbison v. Bell,* 503 F.3d 566, 568 (6th Cir.2007), *cert. denied,* — U.S. —, 128 S.Ct. 1479, 170 L.Ed.2d 302 (2008), *cert. granted on other grounds,* — U.S. —, 128 S.Ct. 2959, 171 L.Ed.2d 884 (2008). To satisfy this standard, the petitioner must demonstrate that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues raised are "adequate to deserve further review." *Harbison,* 503 F.3d at 569 (citing *Banks v. Dretke,* 540 U.S. 668, 705, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004)). The petitioner need not show, however, that he is likely to succeed on appeal. *Miller–El v. Cockrell,* 537 U.S. 322, 337, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003), *cited by Dillard v. Burt,* 194 Fed.Appx. 365, 371 (6th Cir. 2006) (Clay, J., dissenting o.g.), *cert. denied,* — U.S. —, 127 S.Ct. 2052, 167 L.Ed.2d 783, *reh'g denied,* — U.S. —, 127 S.Ct. 2908, 167 L.Ed.2d 1175 (2007); *see also Walker v. Carlton,* 114 Fed.Appx. 687, 690 (6th Cir.2004) (" 'it is consistent with § 2253 that a certificate of appealability will issue in some instances where there is no certainty of ultimate relief' ") (quoting *Miller–El,* 537 U.S. at 337, 123 S.Ct. 1029).

Wardlaw has not met this standard. As noted in this court's order adopting the Magistrate Judge's R & R, the claims in Wardlaw's instant habeas corpus petition were not asserted in Wardlaw's direct appeal as of right in the Michigan state court. Rather, Wardlaw first advanced these claims in his attempt to obtain post-conviction relief in state court, and the Michigan Supreme court rejected all the claims, without opinion, for failure to meet his burden of establishing a right to relief under Mich. Comp. Laws § 6.508(D). This court rules that reasonable jurists could not disagree with this court's determination that Wardlaw procedurally defaulted these claims and has not shown good cause for the default.

Moreover, as pointed out in this court's order adopting the R & R, even if Wardlaw could show good cause to excuse his procedural default, he cannot show that his attorney's alleged ineffective assistance (failure to challenge the validity of his plea on direct appeal) caused him actual prejudice: the guilty plea enabled Wardlaw to avoid the risk of the 52–year minimum sentence that would have otherwise applied, under Michigan law, on his seven cocaine offenses. Consequently, reasonable jurists would not find it debatable whether this court should have dismissed Wardlaw's habeas petition. *See generally Lewis v. Smith,* 100 Fed.Appx. 351, 356 (6th Cir. 2004) ("Of course, a state prisoner who fails to comply with state procedural rules and suffers no actual prejudice from any alleged constitutional violation is not entitled to habeas relief.") (citing *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)); *see, e.g., Witham v. U.S.,* 355 F.3d 501, 505 (6th Cir.2004) ("Witham made no effort to show 'cause' or 'prejudice' to excuse his procedural defaults. The district court therefore properly accepted the magistrate's recommendation not to review those claims on the merits.").

Petitioner Wardlaw is **DENIED** a certificate of appealability.