NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0703n.06
Filed: November 17, 2008

Case No. 08-4569

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| GREGORY L. BEY, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | NORTHERN DISTRICT OF |
| v. | ) | OHIO |
| | ) | |
| MARGARET BAGLEY, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| _____ | ) | |

BEFORE: BATCHELDER, ROGERS, and SUTTON, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Petitioner Gregory Bey appeals the order of

the district court denying his Motion for Stay of Execution and moves this court for such an order,

claiming that under 18 U.S.C. § 3599 he was entitled to have the Federal Public Defender represent

him in his State clemency proceedings, and that he is also entitled to have the Federal Public

Defender pursue whether there are "grounds for additional or successor litigation in the federal

courts." The district court concluded that it lacked jurisdiction to grant a stay in the absence of

"some issue requiring this [c]ourt's adjudication pending before it." Accordingly, the district court

denied the motion without prejudice.

A brief summary of Bey's journey through the court systems is in order to set the stage. On

November 19, 1993, a Lucas County (Ohio) jury found Bey guilty of aggravated murder and the state

trial court sentenced him to death. Bey appealed and the state appellate court affirmed the trial court

in all respects. *Ohio v. Bey*, No. L-94-003, 1997 WL 586693 (Ohio Ct. App. Sept. 19, 1997). Bey

appealed further and the Ohio Supreme Court affirmed. *Ohio v. Bey*, 709 N.E.2d 484 (Ohio 1999).

The United States Supreme Court denied certiorari. *Bey v. Ohio*, 528 U.S. 1049 (1999).

Meanwhile, on September 20, 1996, Bey had filed a state petition for post-conviction relief. The state trial court denied that petition on October 31, 1997. Bey appealed and the state appellate court affirmed. *Ohio v. Bryant-Bey*, No. L-97-1425, 2000 WL 770131 (Ohio Ct. App. June 16, 2000). Bey sought to appeal further, but the Ohio Supreme Court denied his appeal. *Ohio v. Bryant-Bey*, 736 N.E.2d 902 (Ohio 2000). The Ohio Supreme Court also denied Bey's subsequent motion to reopen his direct appeal. *Ohio v. Bryant-Bey*, 776 N.E.2d 480 (Ohio 2002).

On July 19, 2001, Bey filed a "Notice of Intention to File Habeas Corpus Petition" [sic] in the federal district court. That same day, Bey moved the district court to appoint counsel pursuant to 21 U.S.C. § 848(q)(4)(B), 18 U.S.C. § 3006A, and the Amended Second Addendum to the Plan for Implementation of the Criminal Justice Act of 1964, as Amended. Specifically, Bey requested the appointment of Richard Kerger and Ann Marie Baronas. The district court granted the motion.

On October 17, 2001, Kerger and Baronas filed Bey's habeas petition, asserting 25 grounds for relief. Because the petition was filed after 1996, the standards set out in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to this petition. The district court denied the petition on September 9, 2004, and refused to grant a certificate of appealability. On November 23, 2005, we granted Bey a certificate of appealability on one issue and extended the appointment of Kerger and Baronas to represent Bey on appeal. A third attorney, Kimberly Donovan, also represented Bey in this appeal. Ultimately, we affirmed the district court's decision and denied Bey habeas relief. *Bey v. Bagley*, 500 F.3d 514 (6th Cir. 2007). The United States Supreme Court denied certiorari. *Bey v. Mitchell*, 128 S. Ct. 1704 (2008).

On May 21, 2008, the Lucas County Prosecutor, on behalf of the State of Ohio, moved the Ohio Supreme Court to set an execution date. On June 2, 2008, Kerger and Baronas responded on

behalf of Bey, opposing the motion. According to the parties, Kerger ceased to represent Bey shortly thereafter (though there is no formal withdrawal on the Ohio Supreme Court docket) and, while Baronas stayed on the case in name, she did nothing further. Apparently, the Ohio Public Defender's office took over Bey's case as of June 11, 2008, and assigned two attorneys to him.

On July 21, 2008, the Ohio Supreme Court granted the State's motion and set Bey's execution for November 19, 2008. In the meantime, the Ohio Public Defender's office had prepared a clemency application, submitted it to the Governor, and was preparing for a clemency hearing. According to Bey, however, when one of the attorneys handling his clemency application retired on September 26, 2008, the Ohio Public Defender's office assigned a new attorney (Rachel Troutman) to handle his clemency hearing, a mere 10 days before the hearing (October 6, 2008). Troutman represented Bey at the clemency hearing before Ohio Parole Board on October 16, 2008.

But, on October 2, 2008, Steven Nolder, the Federal Public Defender for the Southern District of Ohio, acting on behalf of Bey, had moved the federal district court, pursuant to 18 U.S.C. § 3599 (also citing 21 U.S.C. §848(q)(8)), to appoint counsel from the Federal Public Defender's office (hereinafter "FPD") to represent Bey for purposes of "any further proceedings in [federal court] . . . and in state clemency proceedings as necessary." Neither Bey nor the FPD filed any similar motion or notice of appearance with the Ohio Supreme Court and, on October 23, 2008, Troutman filed a notice of appearance in the Ohio Supreme Court as Bey's counsel of record. On that same day, the Ohio Parole Board issued its recommendation to the Governor to deny clemency.

The next day, October 24, 2008, the district court granted Bey's motion and appointed the FPD to represent Bey, although the court offered no written explanation for its decision. On November 13, 2008, the FPD, on behalf of Bey, moved the court to stay the State's execution date for 60 days in order to provide more time to collect and prepare information for the Governor and

3

to raise a second-or-successive habeas claim in federal court. The district court denied this motion on November 14, 2008, and the FPD, on behalf of Bey, has appealed to this court.

The State of Ohio argues that we have no authority to stay the Ohio Supreme Court's execution date because, under the federal anti-injunction statute, a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *see also Mitchum v. Foster*, 407 U.S. 225, 228-29 (1972) (emphasizing that the federal anti-injunction "statute imposes an absolute ban upon the issuance of a federal injunction against a pending state court proceeding, in the absence of one of the recognized exceptions").

Bey responds that he "has a right to federal[ly] [appointed] counsel under [18 U.S.C.] § 3599(e)," and, consequently, he was denied this right even though he was actually represented by (state-appointed) counsel. *See* Bey's "Motion for Stay of Execution," *7 (Nov. 15, 2008). He thus argues that we are authorized to stay the execution pursuant to *McFarland v. Scott*, 512 U.S. 849 (1994). In *McFarland*, the United States Supreme Court held:

> [O]nce a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction under [28 U.S.C.] § 2251 to enter a stay of execution. Because § 2251 expressly authorizes federal courts to stay state-court proceedings 'for any matter involved in the habeas corpus proceeding,' the exercise of this authority is not barred by the Anti-Injunction Act.

*Id*. at 858. The State counters that, unlike the capital defendant in *McFarland*, Bey has neither pending nor potential federal litigation (i.e., unresolved habeas claims) available to him and, therefore, *McFarland* is inapposite. The district court agreed, explaining:

> Here, Bey, who has already fully litigated one federal habeas petition, is asking the [c]ourt to stay an execution to give already-appointed counsel 'sufficient time to present additional material to the Governor in support of his Application for Clemency and to develop issues for additional litigation in this court.' *McFarland* does not stand for the proposition that a federal court has jurisdiction to stay an execution in the absence of any federal proceeding.

4

*Bey v. Bagley*, No. 3:01-cv-7385, *2 (N.D. Ohio Nov. 14, 2008) (record cite omitted).

After careful review, we agree. Even if we were to accept Bey's initial premise (i.e., that Bey has a right to federally appointed counsel), under the present facts we still have no colorable grounds upon which to stay the State's order. The anti-injunction statute is a broad prohibition requiring a specific, recognized exception. *See* 28 U.S.C. § 2283; *Mitchum*, 407 U.S. at 228-29. While *McFarland* does offer an exception, neither its reasoning nor its holding fits the present case. Fundamentally, the statute upon which the *McFarland* decision rests, 28 U.S.C. § 2251, permits (but does not require) a stay if the petitioner has a habeas corpus proceeding "pending." To be sure, *McFarland* expanded this authority to permit federal courts to stay executions when they have federal habeas cases *potentially* pending — the *McFarland* petitioner had never had any habeas proceedings at all. Bey, on the other hand, has not only begun, but already completed his first round of federal habeas litigation.

Bey, it is true, could attempt to assert the new claims he seeks to develop in a second or successive federal habeas petition. But even if *McFarland*'s rule allowing a federal court to stay state court proceedings extends to petitioners preparing to file a second or successive petition, it does not entitle Bey to a stay. To obtain a stay, he "must show a significant possibility of success on the merits," *Workman v. Bell*, 484 F.3d 837, 839 (6th Cir. 2007) (internal quotation marks omitted), but here, Bey has offered nothing that would even begin to satisfy the strict statutory requirements for a second or successive habeas claim. *See* 28 U.S.C. § 2244(b).

Bey argues that we should grant his motion because the Supreme Court has granted certiorari in *Harbison v. Bell*, 503 F.3d 566 (6th Cir. 2007), to review our precedent holding that 18 U.S.C. § 3599 does not permit federally funded counsel to pursue state clemency proceedings. But even if the Supreme Court were to overturn our holding in *Harbison*, the issue as certified to the Court in

that case is whether § 3599 provides a right to federally funded counsel in state clemency proceedings *when the state has refused or failed to provide counsel*. That is not this case. Here, Bey was represented in the state clemency proceedings by counsel from the office of the Ohio Public Defender. Further, even if the Supreme Court were to overturn *Harbison*, the clear language of § 3599(e) indicates that the statute does not contemplate that only federally funded counsel will suffice to represent indigent defendants in state clemency proceedings. Rather, § 3599(e) provides that federally funded counsel are to represent such a defendant "unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant." Here, the record demonstrates that Bey's federally funded counsel withdrew after the habeas proceedings were completed, and the State provided counsel for the clemency proceedings. And any argument that he is entitled to federally funded counsel to pursue "further litigation" in federal court is wholly without merit. Bey has provided no colorable basis upon which any further litigation might proceed.

Finally, even assuming the Supreme Court would reverse our holding in *Harbison*, we would not issue a stay of execution. The district court *did* appoint the Federal Public Defender to represent Bey, and the Federal Public Defender may certainly ask the Governor to stay this execution in order to permit the supplementation of the application for clemency. Whether the Governor wants to grant that extension of time is a matter for the Governor to determine. It is not, under any principle of equity or comity, a matter for this court to decide.

Because Bey has no right to stay the proceedings or even a legal basis upon which we could stay the proceedings as a matter of discretion, the motion to stay is DENIED.