**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0087n.06
Filed: February 2, 2009

No. 09-5085

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| STEVE HENLEY, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| RICKY BELL, Warden, | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Respondent-Appellee. | ) | |

Before: SILER, COLE, and COOK, Circuit Judges.

PER CURIAM. Petitioner Steve Henley moves this Court to declare a certificate of appealabilty ("COA") unnecessary to appeal the denial of a motion made under Rule 60 of the Federal Rules of Civil Procedure, or in the alternative, to grant a certificate of appealability. He also moves for a stay of his execution, scheduled for February 4, 2009, pending the disposition of his Rule 60 claim. We hold that a COA is necessary to appeal the denial of his Rule 60 motion, refuse to issue one, and dismiss his motion for stay of execution as moot.

In *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007), we held that a COA is required to appeal the denial of a Rule 60 motion in a habeas corpus proceeding. That holding governs

No. 09-5085
*Henley v. Bell*

Henley's current claim; he may not appeal denial of his Rule 60 motion without a certificate of appealability.

In the alternative, Henley petitions this Court to issue a COA. "To obtain a certificate of appealability, a prisoner must demonstrate that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that the issues presented warrant encouragement to proceed further." *Banks v. Dretke*, 540 U.S. 668, 674 (2004). Having reviewed the parties' briefs and the district court's opinion, we conclude that Henley has not met this standard. Consequently, we decline to issue a COA for the reasons expressed in the district court's well-reasoned opinion of January 29, 2009.

Because we decline to issue a certificate of appealability, we also dismiss as moot Henley's motion to stay his execution pending the disposition of this case.